**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MILTON WILLIAMS,** )<br>    **Plaintiff,** ) | |
| vs. ) | No. 3:16-CV-151-D-BH |
| ) | |
| **JACK CURTIS,** *et al.***,** ) | |
|    **Defendants.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed.

**I.  BACKGROUND**

On January 19, 2016, Milton Williams (Plaintiff) filed this action under 28 U.S.C. § 1983 against various employees of the United States Postal Service (USPS) at the Garland Post Office in their individual and official capacities, alleging violations of his rights under the First and Fourteenth Amendments to the United States Constitution. (*See* doc. 3 at 1-3;[1] doc. 11.[2]) He contends that between November 13, 2013, and November 23, 2013, the defendants discriminated against him and conspired to and did deprive him of access to the courts by seizing, withholding and returning to the Court his legal mail in a pending federal case, *Williams v. Rivera*, No. 3:13-CV-3891-L (N.D. Tex.). (*See id.*) As a result, the case was dismissed for failure to prosecute. (*See* doc. 3 at 3.) Plaintiff claims he discovered the conspiracy on January 27, 2014. (*Id.*) He received the order dismissing the case on December 31, 2013. (doc. 11 at 28.) He seeks monetary damages in the amount of $250,000 from each defendant. (*See id.* at 3-4, 33.) No process has been issued.

---

[1]  Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2]  Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## II.  PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted.  *Id.*

## III.  SECTION 1983/*BIVENS*

Plaintiff expressly sues the defendants under 42 U.S.C. § 1983.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*  A plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2)

the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff sues USPS employees. Section 1983 does not apply when only federal action is at issue. *See Williams v. Wood*, 612 F.2d 982, 984 n. 1 (5th Cir. 1980). When a plaintiff alleges unconstitutional action by a federal actor, his claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is "the counterpart to 42 U.S.C. § 1983," and it extends the protections afforded under § 1983 to parties injured by federal actors. *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). "Because *pro se* complaints are liberally construed, the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a *pro se* plaintiff." *Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M, 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) (internal citation omitted). Plaintiff's complaint must therefore be liberally construed as asserting claims under *Bivens* against the defendants. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] *Bivens* action is analogous to an action under § 1983— the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials"), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003). Unless the defendants have deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, a plaintiff has no viable claim under *Bivens*.

## IV. STATUTE OF LIMITATIONS

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that

the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in *Bivens* cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998) (the general statute of limitations governing personal injuries in the forum state provides the applicable limitations period for *Bivens* claims). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.*

While state law determines the length of the *Bivens* limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action", or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citations omitted); *Walker*, 550 F.3d at 414. Plaintiff's cause of action accrued, and the limitations period began to run, when he

4

knew or had reason to know of the injury that is the basis of his action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Here, Plaintiff alleges that the discrimination and conspiracy to deprive him of access to the courts ended on November 23, 2013, but that he learned of it on January 27, 2014. (doc. 3 at 3.) In response to the questionnaire, however, he states that he received the order dismissing his case for failure to prosecute on December 31, 2013. (doc. 11 at 28.) He knew on that date the injury that is the basis of his action, i.e., that his case had been dismissed. Notice of the dismissal would lead a reasonable person to investigate further. Plaintiff's claim therefore accrued on December 31, 2013. Because he did not file his complaint until January 19, 2016, which was more than two years later, his *Bivens* claims are time-barred and should be dismissed. Even if the claims are not time-barred, they are still subject to dismissal for the reasons discussed below.

## V. OFFICIAL CAPACITY CLAIMS

Plaintiff sues the defendants in their official and individual capacities.

A *Bivens* action only provides a remedy for victims of constitutional violations by government officers in their individual capacities. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). This is because the purpose of a *Bivens* action is to deter a federal officer from violating a person's constitutional rights. *FDIC v. Meyer*, 510 U.S. 471, 485 (1994); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Claims under *Bivens* against federal employees in their official capacities are barred because they are equivalent to claims against the federal agencies who employ those employees. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). The United States and federal employees sued in their official capacities are protected by the doctrine of sovereign immunity from constitutional claims under *Bivens*. *Gibson*

5

*v. Federal Bureau of Prisons,* 121 F. App'x. 549, 551 (5th Cir. 2004) (per curiam) (citing *Malesko,* 534 U.S. at 71-72); *Affiliated Prof'l,* 164 F.3d at 286; *Williamson v. U.S. Dep't of Agric.,* 815 F.2d 368, 380–81 (5th Cir.1987). Plaintiff's *Bivens* claims against the defendants in their official capacities should be dismissed.

## VI. DISCRIMINATION

Plaintiff contends that the defendants discriminated against him under the Fourteenth Amendment in that they singled him out from all other people who received mail from the Garland Post Office and withheld mail from him. (doc. 11 at 30.)

The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying any person within their jurisdiction the equal protection of the laws and essentially requires that all similarly situated persons be treated alike. *See Plyler v. Doe,* 457 U.S. 202, 216 (1982); *Piotrowski v. City of Houston,* 237 F.3d 567, 578 n. 15 (5th Cir. 2001). "The Due Process Clause of the Fifth Amendment applies to the federal government a version of equal protection largely similar to that which governs the states under the Fourteenth Amendment." *Rodriguez-Silva v. I.N.S.*, 242 F.3d 243, 247 (5th Cir. 2001). Because the defendants in this case are federal officials, Plaintiff's claim arises under the equal protection component of the Fifth Amendment's Due Process Clause. *See id.* Regardless, the "[e]qual protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment." *Buckley v. Valeo*, 424 U.S. 1, 93 (1976).

Traditionally, to state an equal protection claim, a plaintiff must allege that a government actor "intentionally discriminated against the plaintiff because of membership in a protected class." *See Williams v. Bramer,* 180 F.3d 699, 705 (5th Cir. 1999). However, "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based

6

discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" *Enquist v. Or. Dep't of Agric.,* 553 U.S. 591, 601 (2008) (citing *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)). To state a class-of-one equal protection claim, a plaintiff must allege that a state actor has intentionally treated him or her differently than others similarly situated, and there is no rational basis for the difference in treatment. *See Olech,* 528 U.S. at 564. "'[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws.'" *Little v. Texas Attorney General*, No. 3:14-CV-3089-D, 2015 WL 5613321 at *6 (N.D. Tex. Sept. 24, 2015) (quoting *Johnson v. Rodriguez,* 110 F.3d 299, 306 (5th Cir. 1997)). "[T]he Fifth Circuit requires Plaintiffs to show 'that the defendant deliberately sought to deprive [them] of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position.'" *Lugo v. Collin County*, No. 4:11–CV–00057, 2011 WL 4378093 at *11 (E.D. Tex. Aug. 2, 2011) (citing *Shipp v. McMahon,* 234 F.3d 907, 916 (5th Cir. 2000), *overruled on other grounds by McClendon v. City of Columbia,* 305 F.3d 314, 328–29 (5th Cir. 2002)), *rec. adopted*, 2011 WL 4383452 (E.D. Tex. Sept. 20, 2011).

Conclusory allegations of "class of one" discrimination fail to state a claim. *Bell v. Woods,* 382 F. App'x 391, 393 (5th Cir. 2010) (conclusory allegation that inmate was treated differently from other sex offenders failed to state a claim where inmate did not identify any other prisoners who were sexual offenders and were allowed to enroll in computer courses and inmate did not allege that other prisoners were convicted of the same offense as he was or that they were allowed into the same courses for which he applied).

> According to the Fifth Circuit and other courts, plaintiffs asserting equal-protection claims must plead more than the conclusory statement that they were treated less

7

favorably than someone else[;] they must identify the alleged comparator and provide facts. *See Bonner v. Alford,* 594 F. App'x 266, 267 (5th Cir. 2015) ("Bonner failed to state a 'class of one' equal protection claim because his allegations did not identify any similarly situated prisoners"); *Robinson v. Ely,* 547 F. App'x 628, 629 (5th Cir. 2013) ("Robinson failed to state a 'class of one' equal protection claim because his allegations did not identify any similarly situated prisoners"); *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1220 (10th Cir. 2011) ("[A]fter *Twombly* and *Iqbal,* it is insufficient to simply allege that other, unidentified properties have 'comparable' or 'similar' conditions the claim must be supported by specific facts plausibly suggesting the conditions on the properties and the properties themselves are similar in all material respects."; *S.N.B. v. Pearland Indep. Sch. Dist.,* No. 3:13–CV–441, 2014 WL 2207864, at *10 (S.D. Tex. May 28, 2014) (Costa, J.) (denying motion to amend class-of-one claim on futility grounds because proposed amended complaint failed to identify comparators); *Jingping Xu v. Univ. of Tex. MD Anderson Cancer Ctr.,* 854 F. Supp. 2d 430, 442 43 (S.D. Tex. 2012) ("Plaintiff fails to identify specifics about how other employees or former employees were similarly situated.").

*Axcess Medical Clinic, Inc. v. Easterling*, No. 3:14CV112, 2015 WL 5642975 at *7 (S.D. Miss. Sept. 24, 2015).

Plaintiff's allegations that the defendants singled him out from all other people receiving mail from the Garland Post Office and agreed to withhold his legal mail, fail to state a claim. His conclusory allegations do not specify how others were similarly situated. He does not allege that he was treated differently from others who had their mail sent to them using the Garland Post Office street address without the inclusion of a post office address or a notation that it was general delivery. Further, Plaintiff does not allege that the defendants deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to their duties.

Plaintiff fails to state a claim of "class of one" discrimination, and this claim should be dismissed.

### VII. CONSPIRACY TO DENY ACCESS TO COURT

Plaintiff contends the defendants conspired to, and did, deny him access to the Court by

agreeing to withhold his mail and return it to the Court, which resulted in the dismissal of *Williams v. Rivera*, No. 3:13-CV-3891-L (N.D. Tex.). (doc. 3 at 3.)

To state a claim for conspiracy under *Bivens*, a plaintiff must "establish the existence of a conspiracy" as well as a violation of a constitutional right in furtherance of the conspiracy. *Thompson v. Johnson*, 348 Fed. App'x 914, 920 (5th Cir. 2009) (citing *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir.1995) (to establish a conspiracy claim under § 1983, a prisoner must demonstrate (1) an agreement between persons acting under color of law to commit an illegal act, and (2) an actual deprivation of the prisoner's constitutional rights in furtherance of the conspiracy)).

**A.** **Agreement**

Here, Plaintiff alleges that several defendants agreed to withhold his mail and to return it to the Court. (doc. 3 at 3; doc. 11 at 27, 29, 31.) He also alleges that several defendants instructed the remaining defendants to withhold his mail, to tell the Plaintiff that he didn't have any mail, and to send back his legal mail in a pending federal case. (Doc. 11 at 3, 6-7, 9-10, 12-13, 15-16, 18-19, 21-22, 25-26.) Plaintiff's conclusory allegations of an agreement, without an facts tending to show an agreement, are insufficient to state a viable conspiracy claim. *See Cardenas v. Young*, 655 Fed App'x 183, 186–87 (5th Cir. 2016) (noting that the plaintiff did not allege that the defendants expressly made an agreement to violate his constitutional rights, only that two defendants ordered that he be placed in segregation and that other defendants were in agreement to deny him equal protection and due process, and finding these conclusory allegations insufficient to state a viable conspiracy claim under *Bivens*) (citing *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989)); *Richie v. Wharton County Sheriff Dept. Star Team*, 513 Fed. App'x 382, 385 (5th Cir. 2013) (noting the failure to allege facts suggesting an agreement to commit illegal acts) (citing *Rodriguez*

9

*v. Neeley*, 169 F.3d 220, 222 (5th Cir.1999)); *Bowen v. Quarterman*, 339 Fed. App'x 479, 482 (5th Cir. 2009) (finding that allegations that it was reasonable to believe that the defendants were part of a conspiracy, without any facts that tended to show an agreement between them, were insufficient to state a viable conspiracy claim) (citing *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir.1986)).

Because Plaintiff has failed to sufficiently plead facts to support the first element of his conspiracy claim, it should be dismissed.

**B.      Constitutional violation**

A conspiracy claim is not actionable under *Bivens* alone; a plaintiff must establish an underlying constitutional violation. *See Andrafe v. Chojnacki*, 65 F.Supp.2d 431, 462 (W.D.Tex.1999) (citing *Pfannstiel v. City of Marion*, 918 F.2d 1178 (5th Cir. 1998)). "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983); *see also Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993) ("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses") (quoting *Chrissy F. v. Mississippi Dept. Of Public Welfare,* 925 F.2d 844, 851 (5th Cir. 1991)). Access-to-court claims are typically found in the context of prisoner litigation. *See Collinson v. City of Philadelphia*, No. 12-6114, 2015 WL 3622728, at *9 (E.D. Penn. June 10, 2015) (citing *Lewis v. Casey,* 518 U.S. 343, 346 (1996); *Bounds v. Smith,* 430 U.S. 817, 821 (1977) (holding that prisoners have a constitutionally recognized right to access to the courts)). These types of claims have also been considered in the non-prisoner context, however. *See Sanders v. Rose*, 576 Fed. App'x 91, 94 (3d Cir. 2014) ("to sufficiently plead an access-to-courts claim, even a non-prisoner must plead that 'official acts ... may allegedly have

10

caused the loss ... of a meritorious case'") (citing *Christopher v. Harbury*, 536 U.S. 403, 416 (2002)); *Fast Horse v. Salazar*, No. 12-5029-JLV, 2013 WL 12108210, at *2 (D.S.D. Feb. 14, 2013); *White v. U.S. Postal Service*, No. 12CV1283-LAB, 2012 WL 3730012, at *1–3 (S.D. Cal. 2012).

### 1. *No Violation*

"There is no law, case law or otherwise, that establishes that a return of mail to the sender, even if erroneously done, is unconstitutional." *Guest v. United States*, No. 5:13-CV-283, 2014 WL 2881958 at *2, 4 (M.D. Ga. June 25, 2014); *see also White v. United States Postal Service*, No. 12cv1283, 2012 WL 3730012 at *3 (S.D. Calif. Aug. 28, 2012) (a postal employee's failure to deliver mail is not a constitutional violation). The alleged withholding of mail and return of the mailed questionnaire to the Court did not violate Plaintiff's constitutional rights. He has therefore failed to state a claim for this reason.

### 2. *Nonfrivolous Claim*

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis,* 518 U.S. at 356; *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir.1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis,* 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights' " in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353–54 (quoting *Wolff v. McDonnell,* 418 U.S. 539, 579

11

(1974)). As the right of access to the courts is not a "freestanding right," it is necessary that he demonstrate actual injury resulting from the alleged denial of access. *Id.* at 351. Without a showing of an actual injury, plaintiffs lack standing to pursue claimed denials of access to courts. *Id.* at 349. This requires a plaintiff to allege, at a minimum, that his ability to pursue a "'nonfrivolous,' 'arguable' [] claim" was hindered. *See Christopher v. Harbury,* 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353). A plaintiff must describe the claim well enough to establish that its "arguable nature ... is more than hope." *Id.* at 416 (internal quotation marks omitted).

Here, although Plaintiff alleges that his prior action was dismissed, he has not alleged that it was nonfrivolous. In that case, he sued a private citizen who struck him with her vehicle while he was riding a bicycle, as well as the police officers and paramedics who responded to the scene, for conspiracy to violate his rights under the Fourteenth Amendment. (No. 3:13-CV-3891-L, doc. 3 at 5-8, 12.) He claimed that the defendants agreed to change and omit facts concerning the accident to prevent him from being able to recover for his injuries in state court. (*Id.* at 8-9.) As in this case, he made only conclusory allegations of an agreement, without an facts tending to show an agreement, that would support his conspiracy claims. *See Cardenas*, 655 Fed App'x at 186–87. Likewise, he also failed to sufficiently allege an equal protection violation because he did not allege that the defendants singled him out from other similarly situated persons or deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to their duties. *See Little*, 2015 WL 5613321 at *6; *Lugo*, 2011 WL 4378093 at *11. Because Plaintiff has failed to describe an nonfrivolous arguable claim that is "more than hope," he also failed to state a constitutional violation for this reason.

### 3. *Alternate Access*

In other contexts, courts have held there is no denial of access to courts if alternative means of assuring access to courts were available. *See Anderson v. Akinjide*, No. G-07-0386, 2008 WL 2964145 at *4 (S.D. Tex. July 30, 2008) ("right of access to courts requires prison administrators to make law library facilities available to inmates or to otherwise provide alternative means to achieve access to courts"); *see also Reinhardt v. Hopps*, 590 F. App'x 755, 758 (10th Cir. 2014) (pro se, non-prisoner litigant's claim that she was denied access to the court's electronic filing system lacked merit, where litigant had alternative means to access the court by mail or personal delivery).

In Plaintiff's previous case that was dismissed, he was required under Local Rules 1.1(c) and 5.1(f) of the Local Civil Rules for the Northern District of Texas to register as an electronic case file (ECF) user within fourteen days from the filing of his complaint, and he was informed of that requirement. (*See* No. 3:13-CV-3891, doc. 2.)[3] He was instructed that following the instructions "may help you avoid common mistakes that can result in delay or other consequences—including dismissal of your case." (*See id.*) Plaintiff's complaint in that prior case was filed on September 25, 2013. (*See id.*, doc. 1.) The Second Magistrate Judge's Questionnaire was entered almost two months later on November 20, 2013. (*See id.*, doc. 9.) Plaintiff was required to have registered as an ECF user by then. The ECF system was an alternative, and required, means for receiving court orders. In addition, Plaintiff could also have checked the docket using Public Access to Court Electronic Records (PACER), an electronic public access service provided by the federal judiciary for obtaining case and docket information from federal appellate, district and bankruptcy courts. *See* www.pacer.uscourts.gov. Plaintiff had alternate means to access the court, so he has failed to

---

[3] A court may take judicial notice of its own docket. *ITT Rayonier Inc. v. U.S.*, 651 F.2d 343 (5th Cir. 1981).

show a constitutional violation for this reason as well.

In conclusion, Plaintiff fails to state a claim that the defendants conspired to and did deny him the right of access to the court through alleged withholding of his mail, and this claim should be dismissed.

## VIII.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED on this 18th day of January, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE